UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MIKE COFFELT, ) | |
| ) | Case No. 1:09-cr-181; 1:14-cv-204 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Mike Coffelt ("Petitioner"), a federal prisoner, timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 1514].[1] Petitioner also moves, more than one year from entry of final judgment in this case, to amend his original 2255 Motion to add a claim of ineffective assistance of counsel [Doc. 1648]. Petitioner contends that enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A), based on a prior state-court drug conviction, subjects him to double jeopardy in violation of the Fifth Amendment. He also moves to amend his 2255 Motion to allege that his counsel's failure to raise the double jeopardy argument violated his Sixth Amendment right to effective assistance of counsel. For the reasons stated herein, Petitioner's motions will be **DENIED**.

**I.     STANDARDS**

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the

---
[1] All citations to the district court record are to the docket of Case No. 1:09-cr-181, which is the underlying criminal case.

1

Constitution or laws of the United States; or that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. To obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). To obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## II.  FACTUAL AND PROCEDURAL HISTORY

At the close of a fourteen-day trial in 2011, Petitioner and three co-defendants, Harry Allen Pritchett, Jessie H. Johnson, and Eddie Rollins, were convicted of various drug and firearms offenses arising from their involvement in a methamphetamine conspiracy in Marion County, Tennessee. *United States v. Pritchett*, 749 F.3d 417 (6th Cir. 2014). Specifically, Petitioner was convicted of conspiring to manufacture and distribute at least fifty grams of actual methamphetamine and five hundred grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count One); conspiring to possess listed chemicals (specifically, pseudoephedrine and iodine) with knowledge that the chemicals would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (c)(2) (Count Two); manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Twenty-Eight); possessing methamphetamine laboratory equipment and chemicals, in violation of 21 U.S.C. § 843(a)(6) (Count Twenty-Nine); using and maintaining drug premises, in violation of 21 U.S.C. § 856(a)(1) (Count Thirty); and possessing firearms as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Thirty-Two) [Doc. 1246, Jury Verdict].

Using the 2010 version of the Guidelines, the probation officer grouped the drug offenses and deemed Petitioner responsible for 168 grams of pseudoephedrine, based on the TMIS report from the Tennessee Methamphetamine Task Force, for a base offense level of 32, which was enhanced by two levels for possessing a firearm [Presentence Report at ¶¶ 23-24, 28-31, 36]. Based on a Guidelines cross-reference, the adjusted offense level for Petitioner's § 922(g) violation was likewise 34 [*Id.* at ¶¶ 38-40, 49]. Given his criminal history category of I,

3

Petitioner's advisory Guidelines range was 151 to 188 months' imprisonment [*Id.* at ¶¶ 55, 67]; *see also* 21 U.S.C. § 841(b)(1)(A). Because of a 2006 conviction in the Grundy County, Tennessee Criminal Court for conspiracy to manufacture methamphetamine, Petitioner was subject to an enhanced statutory mandatory minimum of twenty years, resulting in an effective Guidelines range of 240 months [*Id.* at ¶¶ 66, 67].

Petitioner objected to the statutory enhancement on the ground that his 2006 criminal offense allegedly did not result in conviction because he pleaded guilty in state court pursuant to a diversion statute and the conviction was subsequently expunged pursuant to that diversion statute [Doc. 1484, Sent. Tr. at Page ID ## 6552-53; *see also* Doc. 858, Objection to § 851 Notice; Doc. 873, Response]. After hearing argument, the Court overruled the objection, explaining that the Sixth Circuit had previously "rejected the argument that a first-offender status adjudication resulting in a sentence of probation is not a prior conviction . . . for Section 841(a) purposes." [Doc. 1484, Sent. Tr. at Page ID ## 6553-62]. The Court adopted the Presentence Report's Guidelines calculations; Petitioner affirmed the existence of his prior drug conviction; and Petitioner was ultimately sentenced to the statutory mandatory minimum of 240 months' imprisonment [*Id*. at Page ID ## 6576-77, 6619-25].

Petitioner appealed, arguing that he did not have a prior "conviction" for purposes of the Section 841(b)(1)(A) enhancement statute because his conviction had been expunged. After carefully reviewing this argument, in April 2014, the Sixth Circuit affirmed his conviction and sentence including application of the Section 841(b)(1)(A) enhancement based on the prior state conviction. *See Pritchett*, 749 F.3d at 424-28. On June 30, 2014, Petitioner timely filed his 2255 Motion, and on May 16, 2016, Petitioner filed a motion to amend his 2255 Motion.

### III. ARGUMENT

Even assuming that Petitioner can overcome all procedural barriers to his 2255 Motion and

4

his Motion to Amend his 2255 Motion, these motions should be denied as lacking in substantive merit. Petitioner asserts in his original 2255 Motion that, when his prior state conviction was used to enhance his sentence pursuant to 28 U.S.C. § 841(b)(1)(A), he was subjected to double jeopardy in violation of the Fifth Amendment because he was, in effect, punished twice for his 2006 Tennessee drug conviction. Petitioner now seeks leave to amend his 2255 Motion to assert that his counsel was ineffective for failing to raise the double jeopardy issue with the trial court and the court of appeals.

It is well settled that an enhancement of a sentence for a current conviction based on prior convictions does not violate the Double Jeopardy Clause of the Fifth Amendment. *Monge v. California*, 524 U.S. 721, 728 (1998) ("An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one'" (quoting *Gryger v. Burke*, 334 U.S. 728, 732, (1948)); *see also United States v. Mack,* 938 F.2d 678, 679 (6th Cir. 1991) (rejecting defendant's double jeopardy argument arising from a Sentencing Guidelines enhancement stating, "[a]n enhanced sentence because of a prior conviction is no more double jeopardy than is a consideration of other relevant conduct."). As one district court recently stated in *Kelsor v. United States*, Case No. 2:12-cv-01212, 2014 WL 2700937, * 17 (S.D. Ohio June 13, 2014):

> The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal; against a second prosecution for the same offense after conviction; and against multiple punishments for the same offense." *United States v. Mack*, 938 F.2d 678, 679 (6th Cir. 1991). This court has squarely rejected defendant's contention that the enhancement of a sentence under § 841(b) on the basis of prior felony drug convictions violates double jeopardy. See Pruitt, 156 F.3d at 645–46; *United States v. Flowal,* 163 F.3d 956, 963 (6th Cir.1998); *United States v. Gonzalez,* 257 Fed.Appx. 932, 945–46 (6th Cir. 2007).

The Court therefore concludes there is no substantive merit to either of Petitioner's motions.

Accordingly, Petitioner's 2255 Motion is **DENIED** because it lacks substantive merit. His Motion to Amend his 2255 Motion is **DENIED** as futile because it lacks substantive merit for the same reasons that the 2255 Motion lacks merit.

## VI. CONCLUSION

The Court has reviewed Petitioner's 2255 Motion and his Motion to Amend his 2255 Motion carefully and finds no merit in Petitioner's motions. For the reasons stated herein, the Court finds that an evidentiary hearing is not necessary for the motion brought pursuant to 28 U.S.C. § 2255. The Court further concludes, on the basis of the record before it, that Petitioner is not entitled to relief. The 2255 Motion [Doc. 1514] and his Motion to Amend his 2255 Motion [Doc. 1648] are therefore **DENIED**.

An appropriate order will enter.

>  /s/ *Travis R. McDonough*
>  **TRAVIS R. MCDONOUGH**
>  **UNITED STATES DISTRICT JUDGE**